Page 1 of 4

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JORGE L. NIEBLA, DC # 992296,
    Plaintiff,

vs.                                          Case No.: 3:06cv275/LAC/EMT

WALTON CORRECTIONAL INSTITUTION,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

       Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on June 21, 2006 (Doc. 1). Plaintiff has neither paid the filing fee nor filed an application to proceed in forma pauperis.

       Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice that Plaintiff's status as a "three striker" has been recognized in this district, *see* Niebla v. Martinez, Case No. 3:05cv399/LAC/EMT (N.D. Fla. Jan. 12, 2006) and Niebla v. Abdul-Wasi, Case No. 3:05cv433/LAC/EMT (N.D. Fla. Dec. 13, 2005), as well as in the United States District Court for the Southern District of Florida, *see* Niebla v. Greer, et al., Case No. 0:02cv60676 (S.D. Fla. May 31, 2002), Niebla v. Howard, Case No. 9:02cv81055 (S.D. Fla. Dec. 16, 2002), and Niebla v. Pre-trial Detention Center, Case No. 1:01cv4326 (S.D. Fla. Dec. 12, 2001).

In the instant complaint, Plaintiff claims that Defendant Walton Correctional Institution (WCI) violated his constitutional and human rights. He alleges that Sergeant Moring, a correctional officer at WCI, was selling him illegal drugs and provided him with a cellular telephone to facilitate the illegal transactions (Doc. 1 at 7). Plaintiff states that on an unspecified date, Sergeant Moring attacked Plaintiff and stated, "If you don't pay me, I am going to kill you." (*id*.). The officer punched Plaintiff in the face and wrote a false disciplinary report against him (*id*.). Plaintiff alleges he wrote to the institutional inspector, but he believes his grievances were destroyed in an effort to cover up the wrongdoing (*id*.). Plaintiff believes that his life is in danger because he is reporting the corruption and illegal activities at WCI (*id*.). As relief, Plaintiff seeks an injunction placing him in "federal protected custody" (*id*. at 8).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint).

This court concludes that Plaintiff has failed to meet the imminent injury requirement of section 1915(g) as his allegations are not grounded in specific facts which indicate ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Initially, Plaintiff does not allege when the attack by Sergeant Moring occurred, and he has failed to show how this previous incident evidences a <u>present</u> threat of serious injury to him. Even if Plaintiff was exposed to a threat of serious injury in the past, this is insufficient to meet the imminent danger exception to the statute. Additionally, although Plaintiff states his personal belief that his life is in danger, he does not allege specific facts to support this belief. Plaintiff alleges that Sergeant Moring threatened to kill him and then punched him in the face, however, in the absence of facts showing that Plaintiff is experiencing ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of death or imminent serious physical injury, this allegation is insufficient to satisfy the imminent physical injury requirement.

Because Plaintiff did not pay the $350.00 filing fee at the time he filed this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 28th day of June 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:06cv275/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**